**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| INTERFORM, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Case No. 2:13-CV-281-JRG |
| STAPLES, INC., et al., | § | |
| | § | |
| Defendants. | § | |
| | § | |

## ORDER

Before the Court is Plaintiff's Opposed Motion to Dismiss Its Claims Against Defendants and Defendants' Counterclaims Against Plaintiff for Lack of Subject Matter Jurisdiction (Dkt. No. 71, filed October 8, 2014.)   For the reasons discussed below, Plaintiff's Motion is GRANTED.

## APPLICABLE LAW

Federal Rules of Civil Procedure ("F.R.C.P.") § 41(a)(2) provides the following for voluntary dismissals by the Plaintiff:

> By Court Order; Effect. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

"[A]s a matter of patent law, [a] dismissal with prejudice, based on [a] covenant [not to sue] and granted pursuant to [a] district court's discretion under Rule 41(a)(2), has the necessary judicial imprimatur to constitute a judicially sanctioned change in the legal relationship of the parties . . . " to make the Defendant the prevailing party.  *Highway Equip. Co. v. FECO, Ltd.*,

469 F.3d 1027, 1035 (Fed. Cir. 2006)  In such cases a Defendant's "prevailing party status is not predicated on whether [Plaintiff] filed a Rule 41(a)(2) motion to dismiss with prejudice at the outset but is sufficiently based on its having filed a covenant not to sue with the court to end the litigation, resulting in a dismissal with prejudice." *Id.* at 1035-36.

## ANALYSIS

Plaintiff moves the Court to dismiss with prejudice Plaintiff's claims of infringement of U.S. Patent No. 6,447,190 C1 ("'190 Patent") against Defendants Staples, Inc., Target Corporation, and MEGA Brands America, Inc. (collectively "Defendants") and to dismiss Defendants' counterclaims without prejudice.  (Mot. at 1.)  Plaintiff also represents that it grants Defendants the following covenant not to sue under the '190 Patent:

> InterForm on behalf of itself, its affiliates, successors and assigns hereby unconditionally covenants not to assert, now or in the future, any claim of patent infringement against Defendants, including their officers, directors and customers, relating to U.S. Patent No. 6,447,190 C1 ("the '190 patent") with respect to any product and/or service currently advertised, manufactured, marketed or sold by Defendants, or any product/service that was advertised, manufactured, marketed or sold by Defendants prior to the date of this covenant.

(Mot. at 1-2.)

Defendants argue that they will suffer "plain legal prejudice" if Plaintiff is allowed to dismiss its case without prejudice and grant a covenant not to sue.  (Resp. at 2.) Defendants' argument for such prejudice appears to be that they have incurred expense in defending this suit. (*See* Resp. at 3-4.)   Defendants also argue that, in addition to the terms put forward by Defendant, the Court should declare Defendants the prevailing party in this case.  (Resp. at 4.) Defendants do concede that "a dismissal with prejudice of InterForm's claims coupled with an appropriate covenant not to sue as to future acts may render Defendants' counterclaims seeking

declaratory judgments of non-infringement and invalidity moot." (Resp. at 4.)   Nonetheless, Defendants argue that the Court should not dismiss Plaintiff's infringement claims.  (*Id.*)

A voluntary motion to dismiss with prejudice under Rule 41(a)(2) is very rarely denied. "If the plaintiff moves for an order under Rule 41(a)(2) for voluntary dismissal, specifically requesting that the dismissal be with prejudice, *it has been held that the district court must grant that request*." 9 Wright & Miller, Federal Practice and Procedure: Civil 3rd §2367 at 551 (emphasis added).  The rare exception would be where the defendant can show some legal prejudice arising from the dismissal.  None has been articulated here.  Plaintiff's claims are therefore DISMISSED WITH PREJUDICE and Defendants' counterclaims are DISMISSED WTHOUT PREJUDICE.  The Court makes this determination based on Plaintiff's covenant not to sue Defendants (Mot. at 1-2.)

Defendants' opposition expresses concern that Defendants should be declared the prevailing party despite the dismissal.  Plaintiff does not appear to dispute that the Defendants should be named the prevailing party in this case, and Plaintiff agrees that its dismissal does not waive Defendants right to seek fees and costs.  The Court hereby finds that the Defendants are the prevailing party.   Both Parties also appear to be in agreement that this Court retains jurisdiction to hear motions on fees and costs.

As a final point, the Court does not observe, based only on the evidence presently before it, anything exceptional about the Parties' conduct in this case. However, neither party is prejudiced regarding any future request for an award of fees pursuant to 35 U.S.C. § 285, over which the Court retains jurisdiction.

## CONCLUSION

For the foregoing reasons the Court hereby **GRANTS** Plaintiff's Opposed Motion to Dismiss Its Claims Against Defendants and Defendants' Counterclaims Against Plaintiff for Lack of Subject Matter Jurisdiction (Dkt. No. 71.)  Plaintiff's claims are therefore DISMISSED WITH PREJUDICE and Defendants' counterclaims are DISMISSED WTHOUT PREJUDICE. This Court shall retain jurisdiction to hear motions as to fees and costs.

**So ORDERED and SIGNED this 20th day of October, 2014.**

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE